UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>                        Plaintiff,<br><br>-against-<br><br>DUNCAN INTERIORS, INC., DUNCAN PARTNERS, LLC, DEBRA A. SPYCHALSKY and John Does 1-3,<br><br>                        Defendants. | 22-CV-10562 (JGLC) (RWL)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

JESSICA G. L. CLARKE, United States District Judge:

       This motion for default judgment was referred to Magistrate Judge Lehrburger for a Report and Recommendation. *See* ECF No. 57. In a Report and Recommendation filed on October 2, 2023 (the "October 2, 2023 R&R") Magistrate Judge Lehrburger recommended that (1) default judgment be entered against Defendants Duncan Interiors, Inc. and Duncan Partners, LLC, (2) default judgment not be entered against Defendant Debra A. Spychalsky, and (3) determination of damages with respect to Duncan Interiors and Duncan Partners be deferred until resolution of the case against Defendant Spychalsky. *See* ECF No. 67. No objections were filed in response to the October 2, 2023 R&R.

       On February 7, 2024, Judge Lehrburger stayed this action having been notified that Defendant Spychalsky filed a Chapter 7 Bankruptcy Petition in the Eastern District of California. ECF No. 73. On May 8, 2024, after Plaintiff informed the Court that Defendant Spychalsky was granted a discharge in her bankruptcy case, Judge Lehrburger ordered Plaintiff to file a status letter "proposing next steps." ECF No. 75. Plaintiff filed the status letter on June 14, 2024, which stated that Plaintiff "wishes to proceed with a determination of damages against the corporate Defendants." ECF No. 80. In a Report and Recommendation filed on August 23, 2024 (the

"August 23, 2024 R&R") Magistrate Judge Lehrburger recommended that (1) default judgment be entered in favor of Plaintiff against Defendants Duncan Partners and Duncan Interiors in the amount of $1,610,275.72, accruing pre-judgment interest at the rate of 9% from December 20, 2024; (2) the case be dismissed as against Defendant Spychalsky; and (3) the case be dismissed as to John Does 1-3. ECF No. 83. No objections were filed in response to the August 23, 2024 R&R.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, both Report and Recommendations advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF Nos. 67, 83. In addition, the Report and Recommendations expressly called attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed in response to either Report and Recommendation and no request for an extension of time to object has been made. Accordingly, Defendants have waived the right to object to the Report and Recommendation or to obtain

appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed both Report and Recommendations, unguided by objections, and finds the Report and Recommendations to be well reasoned and grounded in fact and law. Accordingly, both Report and Recommendations are ADOPTED in their entirety. Plaintiff is entitled to recover damages in the amount of $1,610,275.72 as well as pre-judgment interest at the statutory rate of 9% accruing from the date the action was commenced, December 4, 2022.

The Clerk of Court is directed to close this case and mail a copy of this order to Defendants.

SO ORDERED.

Dated: September 12, 2024
       New York, New York

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge